IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-66,777-01






EX PARTE KEMUEL TRUMMEL JACKSON, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 14539 HC-1 IN THE 6
TH DISTRICT COURT


FROM LAMAR COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of a
controlled substance and sentenced to fourteen (14) years' imprisonment. 

 Applicant contends that he is being denied credit for time spent released on parole prior to
revocation. Applicant has alleged facts that, if true might entitle him to relief. Ex parte Spann, 132
S.W.3d 390 (Tex. Crim. App. 2004). In these circumstances, additional facts are needed. As we
held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial court is the
appropriate forum for findings of fact.

 The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d), in
that it may order the Texas Board of Pardons and Paroles and /or the Texas Department of Criminal 
Justice, Institutional Division to file an affidavit listing Applicant's sentence begin date, the dates
of issuance of any parole-revocation warrants leading to the revocation of such parole or mandatory
supervision. The affidavit should state whether Applicant is serving a sentence for, or has previously
been convicted of, an offense which was listed in tex. Gov't code § 508.149(a) at the time of
Applicant's revocation. The affidavit should also address how much time was remaining on this
sentence on the date that Applicant was released on parole, and how much time Applicant spent on
release before the issuance of the parole-revocation warrant. The affidavit should state whether or
not Applicant is receiving credit for any of the time spent on parole. Finally, the affidavit should
indicate whether or not Applicant has submitted his claim to the time credit resolution system of
TDCJ, and if so, the date when the claim was submitted.

 The trial court may also order depositions, interrogatories or a hearing. In the appropriate
case, the trial court may rely on its personal recollection. Id. If the trial court elects to hold a
hearing, it shall determine whether Applicant is indigent. If Application is indigent and wishes to
be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the
hearing. Tex. Code crim. Proc. Art. 26.04.

 The trial court shall make findings of fact first as to whether Applicant has properly
exhausted his administrative remedies as required by tex. Gov't code § 501.0081(b)-(c). The trial
court shall then make findings as to whether Applicant is eligible to earn street time credit, and if
so, whether he is entitled to credit for his time spent on release. The trial court shall also make
finding as to whether Applicant is receiving the proper amount of time credit for that time. The trial
court shall also make any other findings of fact and conclusions of law that it deems relevant and
appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed: February 28, 2007

Do not publish